[Crim. No. 8106.   Second Dist., Div. Three.   Feb. 28, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. JAMES DILL, Defendant and Appellant.

James Dill, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

THE COURT.—James Dill and Lawrence Robert Early were jointly accused by information and convicted of burglary, which the jury found to be of the second degree. Dill was represented by the public defender; his motion for a new trial was denied, probation was denied and he was sentenced to state prison. Allegations that he had suffered three previous convictions of felony were proved and found to be true. Dill appealed in propria persona from the judgment. Upon his application for appointment of counsel on the appeal we read the record, determined the appeal to be without any merit and denied the application; defendant was notified, was given time for the filing of a brief, and has filed none.

Dill and Early were apprehended at about 2 a. m. while burglarizing a gas station of cartons of oil. The station had been broken into and a burglar alarm had been activated. Officers Johnson and Manuel, driving nearby, heard the alarm

and drove to the station. Parked just outside the enclosed room where the oil was stored was an old car, without lights. The room had been broken into. Johnson testified that he saw Dill emerge from the room carrying a carton of oil, which was handed to and received by some person in the car. Johnson called to Dill to halt but Dill returned to the room and came out with another carton of oil, which he handed to the person in the car. Dill entered the car, drove rapidly away without lights, and refused to halt until the officers fired on the car. A can of oil was punctured. Dill emerged from the car, called to the officers not to shoot and loudly and obscenely upbraided Early, who was in the rear of the car, accusing him of having gotten him (Dill) into the trouble. Early emerged from the car, and both were arrested. Johnson also testified that in the officers' car, and again at the station, Dill stated that Early had instigated the burglary, that both of them had been drinking and that they planned to get money, or merchandise they could sell, to provide more money for liquor. The testimony of Officer Manuel was the same as that of Johnson with respect to the discovery and arrest of the burglars.

Both defendants took the stand. Each testified that he was drunk and asleep in the car, knew nothing of the burglary and was awakened when the car went over the curb and crashed into a fence. Both officers testified that they carefully observed the condition of the defendants at the time of the arrest and that in their opinion both were sober.

We have examined the instructions and find that the jury was fully and correctly instructed. The case was tried without error. The guilt of Dill was established beyond the shadow of a doubt.

The judgment is affirmed.